### J. T. ELLIOTT ET AL. v. W. S. FERGUSON ET AL.

No. 1788. Decided January 29, 1908.

**Injunction—Nuisance—Joint Plaintiffs—Judgment.**

In a suit to maintain injunction against the establishment of a cemetery, on the ground that it endangered the health of petitioners by polluting the water in their wells, and springs. there being numerous plaintiffs and the evidence differing as to their respective exposure to injury, it was error to submit the case on special issues calling for a finding as to whether the wells, etc., of any of

the plaintiffs would be so contaminated, and refuse a request that a finding be required showing which of plaintiffs would be so injured and which would not. Though the injunction might be granted without proof of injury to all, defendants were entitled to judgment and costs against the plaintiffs who failed to make a case for relief.  (Pp. 319, 320.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Dallas County. ·

The action was brought by Ferguson and fourteen others, residents in the neighborhood of a proposed cemetery, to enjoin the defendants from establishing same.  Upon findings on special issues submitted, plaintiffs obtained judgment for a perpetual injuncton, and on its affirmance on appeal by defendants the latter procured writ of error.

*W. A. Evans* and *W. A. Kemp,* for plaintiffs in error.—There being no testimony showing that water flowing through the cemetery property would ever reach any of the wells of plaintiffs, and plaintiffs' maps and testimony of their witnesses having shown that it was a physical impossibility for it to reach them, the opinion of plaintiffs' experts that the establishment and use of the cemetery as proposed would pollute the water used by plaintiffs, constituted · no evidence in legal contemplation, and the verdict should have been set aside and the injunction refused.  Armendaiz v. Stillman, 67 Texas, 463-4; Citizens Ry. Co. v. Robertson, 41 Texas Civ. App., 324; International & G. N. Ry. v. Goswick, 98 Texas, 480; Lentz v. Dallas, 96 Texas, 267; De Maet v. Fidelity Storage, etc., Co. (Mo.), 96 S. W. Rep., 1049; Louisville, H. & St. L. Ry. v. Jolly (Ky.), 90 S. W. Rep., 978; Rogers on Expert Test., p. 940, 27 and 28; 17 Cyclopedia of Law and Procedure, 265; Treat v. Bates, 27 Mich., 390; People v. Millard, 53 Mich., 77; Stone v. Chicago & W. M. Ry. Co., 66 Mich., 82.

Where there is nothing in the record to indicate that plaintiffs' case was not fully developed, or that it is probable that on another trial other and stronger evidence on a controlling issue can be produced, the judgment should be reversed and rendered.  Rev. Stat., art. 1027; St. Louis S. W. Ry. Co. v. Adams, 58 S. W. Rep., 1038; Joske v. Irvine, 91 Texas, 581; Thomson v. Hubbard, 70 S. W. Rep., 572; Arnold v. Ellis, 20 Texas Civ. App., 271; Bradley's Texas Civil Trial and App. Proc., p. 388.

The Court of Civil Appeals erred in refusing to reverse and remand said cause on account of the error of the trial court in refusing to submit the special charge set out in the fifth assignment, which was as follows:  "Having submitted a case on special issues, one of which was 'Will the rain water falling on the cemetery land percolate through the ground underlying the cemetery to such an extent as to reach the water of any of the wells or springs of any of the plaintiffs,' etc., the court should also have submitted the further question requested by the defendant to find which of said wells or springs would be reached by this underground bed of water, etc."  Dunn v. City of Austin, 77 Texas,

146; Seymour v. Hill, 67 Texas, 388; English v. Progress Elec. L. & M. Co., 95 Ala., 259; 14 Ency. Pl. & Prac., 1148.

*Harry P. Lawther,* for defendants in error.—Where the evidence is conflicting the case should be submitted to the jury. Reynolds v. Williams, 1 Texas, 311; Roddy v. Kingsbury, 5 Texas, 152; Parker v. Leman, 10 Texas, 116; Lea v. Hernandez, 10 Texas, 137; Patton v. Rucker, 29 Texas, 402; San Antonio v. Lane, 32 Texas, 405; Fitzgerald v. Hart, 17 S. W. Rep., 369; Johnston v. Drought, 22 S. W. Rep., 290; Galveston, etc., R. Co. v. Faber, 77 Texas, 153; International, etc., R. Co. v. Hall, 12 Texas Civ. App., 17.

But whether the facts be disputed or undisputed, if different minds may honestly draw different conclusions from them, the case is properly left to the jury; and to authorize the court to take the question from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. Choate v. San Antonio & A. P. Ry., 90 Texas, 88; Merchand v. Gulf, C. & S. F. Ry. Co., 20 Texas Civ. App., 2; Lindsay v. Murphy, 48 S. W. Rep., 532; Lee v. International & G. N. Ry. Co., 89 Texas, 589; Joske v. Irvine, 91 Texas, 581.

It was immaterial which of appellee's wells or springs would be reached by the water falling on the cemetery property. If the proof showed that it reached any of them, verdict should have been for appellees.

The rule is that if it be reasonably made to appear that unless future interments on the land in question be prevented, there would likely or probably result a deprivation of the comfortable use and enjoyment of complainants' property, or an injury to the health or life of complainant and his family, the restraining writ will issue. Lowe v. Prospect Hill Cemetery Association, 58 Neb., 94; 46 L. R. A., 241; Jung v. Neraz, 71 Texas, 396; Kingsbury v. Flowers, 65 Ala., 484; Rouse v. Martin, 75 Ala., 514; Clark v. Lawrence, 59 N. C., 78 Am. Dec., 241; Gilford v. Babies' Hospital, 21 Abb. N. C., 159; 1 N. Y. Supp., 448; Dunn v. City of Austin, 77 Texas, 146.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This action was brought by the defendants in error to enjoin plaintiffs in error from establishing a cemetery in the neighborhood in which the plaintiffs lived, in or near the city of Dallas. The ground upon which the relief was sought was that the health of the plaintiffs and of their families would be endangered by pollution of the air and water in their springs and wells. As to whether or not these effects would be produced by the burial of dead bodies as proposed by defendants much evidence tending to different conclusions was introduced.

The cause was submitted to the jury upon special issues which called for a finding upon the question whether or not the water passing underground through the cemetery would reach and pol-

lute with disease germs any of the wells of any of the plaintiffs. The defendants requested the submission of an additional question, requiring a finding specifying the ones among the numerous plaintiffs whose wells would be thus affected. This was refused and no finding of this kind was required. While there was evidence tending to show that the water in all the wells might be rendered unwholesome, it was much weaker in respect to some than to others. The jury might properly have found in favor of some of the plaintiffs and against others if the requested instruction had been given. It seems very plain to us that the defendants were entitled to have the jury say which ones of the plaintiffs had sustained the cause of action alleged. The courts below seem to have proceeded upon the assumption that if any of the plaintiffs were entitled to an injunction it was immaterial whether all were so entitled or not. But it is not true that a defendant may be subjected to a judgment in favor of a plaintiff, who shows no right of action, merely because other plaintiffs show such a right. The charge requested required that which those given did not require, viz.: that each plaintiff make out his cause of action. As against those who had not succeeded in doing so, if there were any such, the defendants were entitled to a judgment denying the injunction and for costs incurred by such plaintiffs. The denial of this right can not be treated as immaterial. It is a right which belongs to every defendant to object to a judgment in favor of a plaintiff who has shown no right to sue him. The fact that A may show such probability of injury to himself as to entitle him to sue affords no ground for an action by B who shows no such injury. For the error in refusing the requested charge the judgment must be reversed.

We can not sustain the contention of plaintiffs in error that judgment should be rendered by this court in their favor on the ground that there is no evidence tending to sustain plaintiffs' action. There is evidence, upon which we shall make no comment, and this court has no power to determine the questions of fact which are involved.

Nothing further is presented in such way as to show error in the other rulings of the trial court referred to in the petition for writ of error.

*Reversed and remanded.*